Lessee of LUKE TOWNSEND and MARY DEVOU vs. THOMAS
REES.

If the Orphans' Court assign lands without securing the share of any of the heirs, the
interest of such heir in the land is not divested.

EJECTMENT.

James Glenn died seised of the land in question, in November 1796,
leaving to survive him a wife and four children, to wit: Mary, William, John and Sarah, to whom the lands descended.    Mary Glenn
married Jesse Devou and had issue two children, to wit: Louisa, who
married Luke Townsend; and Mary; the lessors of the plaintiff.
Mary Glenn, the wife of Jesse Devou, died in 1805.    Jesse Devou
petitioned the Orphans' Court, at March term 1808 for the division,
or valuation, of James Glenn's lands; being himself then entitled to
*one-fourth* as the assignee of William Glenn, and to a life estate in
*one other fourth*, in right of his wife, Mary Glenn, as *tenant by the
curtesy*.    The whole land was valued at $1,690; and was assigned
by the Orphans' Court to Jesse Devou, on his entering. into a recognizance conditioned for the payment of $845, to wit: $422 50 to
John Glenn and $422 50 to Sarah Glenn; without taking any notice
of the share which he held as tenant by the curtesy, and which, after his death, belonged to his children, the lessors of the plaintiff.
The defendant held under a deed from Jesse Devou.

The question was, whether by such an assignment the interest of
Louisa and Mary Devou was divested; no recognizance having been
taken for the payment to them of their share of the valuation money.

*Rodney* and *Wales*, for defendant, contended that it was.    That the
action of the Orphans' Court in assigning this land was conclusive as
to the title, which it fully conveyed to Jesse Devou, under whom defendant claimed.    That the proceedings in the Orphans' Court, for
valuation and assignment being *in rem*, and by a court of competent
jurisdiction, were not inquirable into collaterally in any other court.
(1 *Del. Laws*, 501; 1 *Harr. Rep.* 485, *Martin's lessee* vs. *Roach*.)

*Bayard*, in reply, was stopped by the court.

*Per Curiam.*—We do not think it a debateable question.    Jesse
Devou being entitled to one-fourth of Glenn's estate as assignee of
the eldest son, and being tenant by the curtesy of another fourth, in
right of his wife, who was dead leaving two children, obtained a valuation of the land; and the Orphans' Court assigned it to him on securing *one-half* the valuation money.    There was no law by which
the court could compel him to secure the share due to his children,
after his death.    Then what was the effect of the assignment as to

their right. The act of assembly (1 *Del. Laws*, 291,) directs the assignment to be made to the eldest son, &c., *he paying* to the other children of the deceased their equal shares, or giving good *security to pay* the same; " and the person or persons, whether minor or others, to whom or for whose use, payment or satisfaction, shall be made as aforesaid for his, her or their respective part or shares of the deceased's lands, tenements and hereditaments shall be forever debarred of his, her or their right, title and demand, of in and to such share or parts, by virtue of this act, and the same shall be held and enjoyed by the said purchaser, as freely and fully as the intestate held the same." The act bars from claiming the land all heirs, minors as well as others, who have been *paid* or satisfied for their shares; then how can it be contended here that the representatives of Mary Glenn, who have not had their share paid or secured for them, are barred from resorting to the land of their grandfather. We do not question the propriety of the decision of the Orphans' Court; but deny the effect which is claimed for it. Neither the Orphans' Court, nor any other court, could transfer the title or interest of these minors out of the land without securing a compensation; and if it had done so we should not respect the decision: not because we think the correctness of their proceeding can be inquired into collaterally here, but because it would be a clear case of want of jurisdiction. (See *Lessee of Lowber* vs. *Beauchamp,* ante 139.)

Judgment for plaintiff.

*J. A. Bayard,* for plaintiff.
*Rodney* and *Wales,* for defendant.